1

2   UNITED STATES DISTRICT COURT

3   NORTHERN DISTRICT OF CALIFORNIA

4

5   THOMAS SANDYS,

6           Plaintiff,                          Case Nos. 20-cv-05480-PJH; 20-cv-
                                                06041-PJH.
7       v.

8   HOWARD A. WILLARD, et al.,                  **ORDER GRANTING MOTION TO
                                                CONSOLIDATE, GRANTING MOTION
9           Defendants.                         TO TRANSFER, DENYING MOTION
                                                TO STAY, DENYING REQUEST TO
10  ─────────────────────────────              APPOINT LEAD PLAINTIFF**

11  MARIA CECILIA LORCA,                        Re: Dkt. Nos. 31, 32, 46, 51, 56

12          Plaintiff,

13      v.

14  WILLIAM F. GIFFORD, et. al.,

15          Defendants.

16  ─────────────────────────────

17       Before the court is nominal defendant Altria Group, Inc.'s ("Altria") as well as

18  defendants William F. Gifford Jr. ("Gifford"), Howard A. Willard III ("Willard"), and Kevin C.

19  Crosthwaite, Jr.'s ("Crosthwaite") motion to transfer these related shareholder derivative

20  actions to the United States District Court for the Eastern District of Virginia's Richmond

21  Division (the "Eastern District of Virginia") or, in the alternative, enter a stay.  20-cv-5480

22  (the Sandys action), Dkt. 51; 20-cv-6041 (the Lorca action), Dkt. 32.  Defendants Juul

23  Labs, Inc. ("Juul") and Kevin Burns ("Burns") join in the above motion.  Dkt. 54.

24       Also before the court is plaintiff Thomas Sandys' ("Sandys") and Maria Lorca's

25  ("Lorca") (collectively, "plaintiffs") motion to consolidate the above related actions and

26  appoint their selection of co-lead counsel.  20-cv-5480, Dkt. 46 (motion filed October 27,

27  2020); 20-cv-5480, Dkt. 56 (materially similar motion filed November 16, 2020); 20-cv-

28  6041, Dkt. 31.  The subject motions filed in both the above captioned actions are

1   materially similar.  For purposes of this order, the court will cite only the <u>Sandys</u> docket

2   number (20-cv-5480) when referring to either motion.  Given the overlap between the

3   complaint filed in <u>Sandys</u> and that in <u>Lorca</u>, the court will cite the <u>Sandys</u> complaint when

4   summarizing the relevant background information and cite the <u>Lorca</u> complaint only

5   where necessary.

6        Having read the parties' papers and carefully considered their arguments and the

7   relevant legal authority, and good cause appearing, the court hereby **GRANTS** plaintiffs'

8   motion to consolidate, **GRANTS** the Altria defendants' motion to transfer, **DENIES** the

9   Altria defendants' alternative motion to stay, and **DENIES** plaintiffs' motion for

10   appointment of lead counsel.

**BACKGROUND**

12        Plaintiffs own shares in Altria.  20-cv-5480, Dkt. 1 (<u>Sandys</u> Compl.) ¶ 12; 20-cv-

13   6041, Dkt. 1 (<u>Lorca</u> Compl.) ¶ 19.  On August 7, 2020, Sandys filed the instant

14   shareholder derivative action on Altria's behalf against Willard, Gifford, and Crosthwaite,

15   as well as JUUL, Burns, Nicholas Pritzker ("Pritzker"), Riaz Valani ("Valani").

16        Altria is a Virginia corporation that sells and distributes tobacco products.  <u>Sandys</u>

17   Compl. ¶ 22.  It owns the popular Marlboro cigarette brand. <u>Id.</u> ¶ 4.  Willard was the chief

18   executive officer ("CEO") of Altria between May 2018 and April 2020. <u>Id.</u> ¶ 13.  Gifford

19   was the chief financial officer ("CFO") of Altria and, following Willard's retirement in April

20   2020, its CEO. <u>Id.</u> ¶ 14.   Crosthwaite served as Altria's Chief Growth Officer until

21   September 25, 2019, and, since that date, has served as JUUL's CEO. <u>Id.</u> ¶ 15.  For

22   purposes of this order, the court will refer to Willard, Gifford, and Crosthwaite (for the pre-

23   September 25, 2019 period) jointly as the "Altria defendants."

24        At or around the time of this action's initiation, JUUL was a San Francisco based

25   company that manufactures and sells vaping devices and products. <u>Id.</u> ¶ 20.  Burns

26   served as JUUL's CEO between December 11, 2017 and September 15, 2019. <u>Id.</u> ¶ 17.

27   Pritzker and Valani are both members of JUUL's board of directors. <u>Id.</u> ¶¶ 18-19.  The

28   court will refer to JUUL, Burns, Pritzker, Valani, and Crosthwaite (for the post-September

United States District Court
Northern District of California

2

24, 2019 period) jointly as the "JUUL defendants."  The court will refer to all defendants as "defendants."

## I.    Factual Background and the Instant Derivative Actions

Between 2017 and 2019, JUUL showed success in the e-cigarette market.  Id. ¶ 3.  To reach such success, JUUL allegedly marketed its products to youth.  Id.  Seeing its revenue from conventional cigarette sales decline, Altria sought to enter the e-cigarette market.  Id. ¶ 4.  Altria's early efforts proved unsuccessful.  Id.  Pivoting, Altria turned to potentially acquire or otherwise partner with JUUL.  Id. ¶¶ 5-7.

Sometime on or before December 2018, JUUL and Altria reached a deal on a partnership that involved Altria cross-marketing JUUL products and licensing to JUUL Altria's own intellectual property.  Id. ¶ 6.  Sometime on or before December 20, 2018, Altria invested $12.8 billion in JUUL in return for a 35 percent stake in JUUL.  Id. ¶ 7.

By September 2019, following increased social and legal scrutiny of JUUL's marketing practices and vaping health risks, its value sharply decreased.  Id. ¶ 8.  That decrease resulted in an $8 billion loss to Altria.  Id. ¶ 72.

In his complaint, Sandys alleges the following two claims:

- Breach of fiduciary duty against the Altria defendants for failure to exercise due care and good faith in managing the company's affairs.  Id. ¶¶ 124-28.

- Aiding and abetting breach of fiduciary duty, predicated on the above breaches by the Altria defendants, against the JUUL defendants.  Id. ¶¶ 129-31.

At core, Sandy's theory of liability is that the Altria defendants breached their duties to the company by doing business with JUUL when they knew and understood the financial and legal risks that such partnering entailed.  Id. ¶¶ 9-11, 62-72.  Sandys further alleges that there is "strong evidence" showing that Altria's officers "colluded" with JUUL in its purportedly illegal marketing practices and misrepresentations concerning the JUUL vaping device's safety, nicotine content, and use by youth.  Id. ¶¶ 11, 73-91. Sandys also alleges that the Altria defendants, through a tacit noncompete agreement with JUUL, conspired with it to engage in anticompetitive behavior, id. ¶¶ 93-109, thereby exposing

3

1   Altria to further regulatory liability, id. ¶ 92.

2        On August 27, 2020, twenty days after Sandys filed his action, Lorca filed her

3   action against defendants.  In her complaint, Lorca alleges breach of fiduciary duty claims

4   against the Altria defendants, Lorca Compl. ¶¶ 124-28, as well as a claim for aiding and

5   abetting such breaches against the JUUL defendants, id. ¶¶ 129-32.  Additionally, Lorca

6   alleges claims for corporate waste and unjust enrichment against the Altria defendants,

7   id. ¶¶ 134-41.

8        To substantiate her claims, Lorca relies on a theory of liability that is similar but not

9   identical to that advanced in Sandys.  Like Sandys, Lorca alleges that the Altria

10  defendants breached their fiduciary duties to the company by entering the $12.8 billion

11  JUUL investment despite knowing that JUUL faced significant financial and legal risks.

12  Id. ¶¶ 48-63.  Lorca similarly alleges that the Altria defendants participated in

13  anticompetitive behavior with JUUL, id. ¶¶ 64-72, and wrongfully acquiesced in JUUL's

14  false and unlawful practice of marketing its products to youth, id. ¶¶ 42-47.

15       In addition to the above, Lorca adds that the Altria defendants made various

16  "improper statements" concerning Altria's investment in JUUL. Id. ¶¶ 5, 36.  According to

17  Lorca, the Altria defendants claimed that the JUUL investment would "accelerate JUUL's

18  mission to switch adult smokers to e-vapor products," endorsed JUUL's products as

19  "potentially harm reductive," and assured investors that JUUL was "committed to

20  preventing youth from using any tobacco products."  Id. ¶ 5.  Lorca details the various

21  statements at issue, id. ¶¶ 73-106, as well as why they were improper, id. ¶ 107.

22  **II.    The Instant Motions**

23       On November 16, 2020, the court related Lorca to Sandys and ordered the former

24  reassigned from Judge Richard Seeborg's to the undersigned's docket.  20-cv-5480, Dkt.

25  55.  Prior to that decision, on October 27, 2020, plaintiffs filed the instant motions to

26  consolidate these actions under Rule 42(a) and, pursuant to the court's inherent

27  authority, "appoint plaintiffs' co-lead counsel."  For whatever reason, plaintiffs refiled this

28  motion in only the Sandys action on November 16, 2020.

United States District Court
Northern District of California

4

1    On November 10, 2020, the Altria defendants filed the instant motion to transfer

2 both <u>Lorca</u> and <u>Sandys</u> to the Eastern District of Virginia's Richmond Division.  20-cv-

3 5480, Dkt. 51 (motion attaching original opening brief); 20-5480, Dkt. 53-1 (November 13,

4 2020 opening brief errata); 20-6041, Dkt. 32 (motion attaching opening brief); 20-6041,

5 Dkt. 34 (November 13, 2020 opening brief errata). JUUL and Burns joined Altria's motion

6 in its entirety.  Pritzker and Valani did not file a joinder or objection to Altria's motion.

7    **III.    Related Litigation in Virginia and California**

8    On October 1, 2020, a third Altria shareholder, plaintiff Eric Gilbert ("Gilbert"), filed

9 a derivative action against the Altria defendants, JUUL, Burns, and other defendants

10 (including Altria's board of directors) in the Eastern District of Virginia.  Judge David J.

11 Novak presides over that action, which is captioned <u>Gilbert v. Gifford, et. al.</u>, No. 20-cv-

12 00772-DJN (E.D. Va.).  Like plaintiffs, Gilbert alleges breach of fiduciary duty claims

13 against the Altria defendants as well as aiding and abetting claims against JUUL and

14 Burns.  The court will detail the complaint in <u>Gilbert</u> as necessary in its analysis below.

15    On October 27, 2020, Gilbert and the appearing parties filed a joint motion to stay

16 the action pending Judge Novak's decision on a motion to dismiss a separate action

17 against Altria alleging violations of the federal securities laws.  20-cv-00772-DJN (E.D.

18 Va), Dkt. 4 ¶.  Judge Novak also presides over that federal securities action, which is

19 captioned <u>Klein v. Altria Group, Inc., et. al.</u>, No. 20-cv-00075-DJN (E.D. Va.).

20    When filing their joint motion, the parties in <u>Gilbert</u> identified a fourth derivative

21 proceeding filed against the Altria's board members in Virginia state court, captioned

22 <u>Cohen v. Willard, et. al.</u>, No. CL20-7051 (Va. Cir. Ct. Henrico Cty.).  Based on that

23 motion, it appears that state court stayed <u>Cohen</u>.  The court need not detail <u>Cohen</u> to

24 decide the instant motion to transfer.

25    On October 29, 2020, Judge Novak entered a docket order in the <u>Gilbert</u> action

26 stating the following in relevant part:

27        This case is hereby STAYED pending resolution of the
         defendants' motion to dismiss in <u>Klein</u>. Within thirty (30) days
28       of final resolution of the motion to dismiss in <u>Klein</u>, the parties

United States District Court
Northern District of California

1

2

> shall submit a proposed schedule to the Court regarding the filing of any amended complaint, any responses thereto and the status of the Board's inquiry into the allegations contained in Plaintiff's demand. 20-cv-00772-DJN (E.D. Va), Dkt. 10.

3   On March 12, 2021, Judge Novak filed an order in <u>Klein</u> largely denying the

4   above-referenced motions to dismiss. 20-cv-00075-DJN (E.D. Va.), Dkt. 139.

5   Separate from the Virginia actions, JUUL, Altria, and various individuals

6   associated with each entity have faced significant litigation across the country concerning

7   JUUL's vaping products. In this district, Judge William Orrick presides over two actions

8   relevant to the instant motion to transfer—namely (1) a multidistrict litigation action

9   captioned <u>In re Juul Labs, Inc., Marketing, Sales Practices, and Products Liability</u>

10  <u>Litigation</u>, No. 19-md-02913-WHO (N.D. Cal); and (2) a related antitrust action <u>In re Juul</u>

11  <u>Labs, Inc. Antitrust Litigation</u>, No. 20-cv-02345-WHO (N.D. Cal.). Further, in Los Angeles

12  County Superior Court, Judge Ann I. Jones presides over a California Judicial Council

13  Coordinated Proceeding ("JCCP") comprising over 2,000 personal injury plaintiffs. <u>See</u>

14  19-02913, Dkt. 1154 at 2 (<u>In re JUUL</u> November 18, 2020 joint CMC statement detailing

15  the same). Discovery in the Judge Orrick's MDL action is underway. <u>Id.</u> at 6-7; 20-cv-

16  5480, Dkt. 64 (Plaintiffs' December 14, 2020 Notice re New Factual Developments); 20-

17  cv-5480, Dkt. 66 (Plaintiffs' March 16, 2021 Notice re New Factual Developments).

18  The court will detail the above actions as necessary in its analysis below.

19  **DISCUSSION**

20  **I.    Motion to Consolidate**

21  A court may consolidate multiple actions on its docket if such actions involve a

22  common question of law or fact. Fed. R. Civ. Pro. 42(a)(2). A court's decision to

23  consolidate under Rule 42(a) is "discretionary." <u>A. J. Indus., Inc. v. U.S. Dist. Ct. for</u>

24  <u>Cent. Dist. of California</u>, 503 F.2d 384, 389 (9th Cir. 1974).

25  Both <u>Sandys</u> and <u>Lorca</u> assert claims for breach of fiduciary duty against the Altria

26  defendants and claims for aiding and abetting such breach against the JUUL defendants.

27  <u>Compare</u> <u>Sandys</u> Compl. ¶¶ 124-31 <u>with</u> <u>Lorca</u> Compl. ¶¶ 124-32. Both sets of claims

28  rest on Virginia law. <u>Id.</u> Further, the breach of fiduciary duty claims in both actions

1    attempt to hold the Altria defendants liable for entering into the JUUL investment despite

2    knowing that JUUL faced significant financial and legal risks.  Compare Sandys Compl.

3    ¶¶ 9-11, 62-72 with Lorca Compl. ¶¶ 48-63.  They also rest on similar allegations that the

4    Altria defendants participated in anticompetitive behavior and wrongfully acquiesced in

5    JUUL's unlawful practice of marketing its products to youth.  Compare Sandys Compl. ¶¶

6    11, 73-91, 93-109 with Lorca Compl. ¶¶ 42-47, 64-72.  Separately, all answering parties

7    agree that consolidation is proper.  Dkt. 46 at 7-8; Dkt. 53-1 at 13; Dkt. 54 at 2.

8         Given the above, the court will consolidate Sandys and Lorca.

9    **II.    Motion to Transfer or, Alternatively, Stay**

10        Title 28 U.S.C. § 1404(a) provides the following in relevant part:

11            For the convenience of parties and witnesses, in the interest of
12            justice, a district court may transfer any civil action to any other
13            district or division where it might have been brought. 28 U.S.C.
              § 1404(a).

14        A court may transfer an action under § 1404(a) only if it makes two findings.  First,

15   the court must determine that "the action is one that might have been brought in the

16   transferee court."  Thermolife Int'l, LLC v. Vital Pharm., Inc., 2014 WL 12235190, at *2

17   (C.D. Cal. Aug. 15, 2014).  Second, the court must conclude that "the convenience of the

18   parties and the interest of justice favor the transfer."  Id.

19        The party moving for transfer bears the burden of showing that the requested

20   transfer is proper.  Ctr. for Biological Diversity v. Exp.-Imp. Bank of the United States,

21   2013 WL 5273088, at *4 (N.D. Cal. Sept. 17, 2013).  Courts have broad discretion when

22   adjudicating motions to transfer.  Ctr. for Biological Diversity v. Kempthorne, 2008 WL

23   453043, at *2 (N.D. Cal. Oct. 10, 2008).

24        For the reasons provided below, the court finds that the Altria defendants have

25   demonstrated that transfer is proper.

26        **A.    Plaintiffs Could Have Filed This Action in the Eastern District of**

27            **Virginia**

28        Title 28 U.S.C. § 1401 serves as the venue statute for shareholder derivative suits

United States District Court
Northern District of California

7

brought in federal court.  It provides that:

> Any civil action by a stockholder on behalf of his corporation may be prosecuted in any judicial district where the corporation might have sued the same defendants.  28 U.S.C. § 1401.

More generally, § 1391 provides that "[a] civil action may be brought in:"

> a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.  28 U.S.C. § 1391(b)(2).

The court finds that plaintiffs might have brought this consolidated action in the Eastern District of Virginia.  According to the declaration of Altria's Vice President and Treasurer, Daniel J. Bryant ("Bryant"), Altria and its management considered, made, and implemented its decision to invest in JUUL from Altria's Richmond, Virginia headquarters. Dkt. 51-1 ¶¶ 5-9.  Willard and Gifford both work in the headquarters and participated in that decision.  Id. ¶ 6.   Given that management's decision to invest in JUUL serves as the basis for plaintiff's claims for breach of fiduciary duty, the court finds that a significant part of the events giving rise to plaintiff's core claims occurred in Richmond.

However, whether plaintiffs could have brought their claims for aiding and abetting the above-referenced breaches of fiduciary duty against the JUUL defendants in the Eastern District of Virginia is a closer question.  By virtue of their joinder to Altria's motion to transfer, JUUL and Burns have consented (and, presumably, would have consented) to that court exercising personal jurisdiction over them.  That leaves Pritzker and Valani.

Both of these defendants have appeared in this action.  Dkt. 44 (Pritzker waiver of service); Dkt. 45 (Valani waiver of service); Dkt. 59 (signed parties' stipulation).  Despite that, neither defendant filed any indication of its position on the requested transfer.  In its opposition, plaintiffs fail to address whether the Eastern District of Virginia could, in the first instance, even exercise personal jurisdiction over these defendants.  Instead, plaintiffs footnote that they "do not dispute that the Eastern District of Virginia may also be a proper venue for the prosecution of the derivative claims . . ."  Dkt. 62 at 17 n.10.

As previously mentioned, Pritzker and Valani served as directors on JUUL's board.

8

1   According to plaintiffs, both these defendants took on additional roles, including actively

2   managing JUUL and leading JUUL's negotiations with Altria alongside Burns (JUUL's

3   CEO). Sandys Compl. ¶ 110. Burns (a California resident, id. ¶ 27) is named as a

4   defendant for his role in purportedly aiding and abetting the alleged breaches of fiduciary

5   duties at issue in Gilbert. Thus, it appears that Pritzker and Valani are similarly situated

6   to Burns for purposes of a personal jurisdiction analysis. Given that, the court finds that

7   the claims for aiding and abetting against Prizker and Valani could also have been

8   brought in the Eastern District of Virginia. The court adds that this conclusion is

9   particularly appropriate where, as here, Pritzker and Valani both chose **not** to object to

10  the motion to transfer on grounds of personal jurisdiction (or otherwise).

11      In light of the above, the court concludes that plaintiffs may have brought this

12  consolidated action in the Eastern District of Virginia.

13      **B.      The Interest of Justice and Convenience Factors Favor Transfer**

14      By its text, title 28 U.S.C. § 1404(a) identifies three types of concerns as relevant

15  to a court's discretionary transfer determination: (1) the convenience of the parties; (2)

16  the convenience of the witnesses; and (3) the interest of justice. 28 U.S.C. § 1404(a).

17  When analyzing those concerns, the Ninth Circuit has instructed district courts to

18  consider various non-exhaustive factors. Jones v. GNC Franchising, Inc., 211 F.3d 495,

19  498-99 (9th Cir. 2000). In relevant part, such factors include the following:

20      1.      The plaintiff's chosen forum.

21      2.      The parties' contacts with the forum.

22      3.      The contacts relating to the claims in the chosen forum.

23      4.      The differences in litigation costs between the two forums.

24      5.      The ease of access to sources of proof.

25      6.      The judicial district that is most familiar with the governing law. Id.

26      Further, the Ninth Circuit has also characterized the possible consolidation of

27  actions across judicial districts as a "significant factor" in a court's transfer decision. A. J.

28  Indus., Inc., 503 F.2d at 389 ("The feasibility of consolidation is a significant factor in a

1    transfer decision . . ."). Lastly, courts may also consider any "local interest" in the subject

2    controversy as well as the "relative congestion" of the relevant venues. <u>Ctr. for Biological</u>

3    <u>Diversity</u>, 2013 WL 5273088 at *4.

4        For the reasons provided below, the court finds that the above factors clearly favor

5    transfer to the Eastern District of Virginia.

6                **1.    This Action's Consolidation with <u>Gilbert</u> Appears Feasible**

7        As previously mentioned, there are two actions pending in Virginia that assert

8    derivative claims against the Altria defendants, namely <u>Gilbert v. Gifford, et. al.</u>, No. 3:20-

9    cv-0772 (E.D. Va.) and <u>Cohen v. Willard, et. al.</u>, No. CL-20-7061 (Va. Cir. Ct. Henrico

10   Cty). The Altria defendants argue that <u>Gilbert</u> is a "substantially identical derivative action

11   arising from the same operative facts." Dkt. 53-1 at 17. Plaintiffs do not disagree.

12       The court reviewed the complaint in <u>Gilbert</u>. In it, Gilbert appears to allege three

13   principal theories in support of his breach of fiduciary duty claims against the Altria

14   defendants. 20-cv-0772, Dkt. 1 (<u>Gilbert</u> Compl.) ¶¶ 223-26. First, Gilbert alleges that the

15   Altria defendants violated their duty of good faith to the company by recommending "an

16   investment in JUUL in the face of known risks." <u>Id.</u> ¶¶ 140, 143-51. Second, Gilbert

17   alleges that these defendants "knew about JUUL's misrepresentations and illegal

18   marketing," participated in such conduct, and thus "made Altria liable for disseminating

19   misleading misrepresentations of JUUL's nicotine content and safey[] and exposed Altria

20   to liability for promoting use among youth users." <u>Id.</u> ¶¶ 141, 152-58. Third, Gilbert

21   alleges that the Altria defendants wrongfully exposed Altria to liability by engaging in

22   unfair trade practices with JUUL. <u>Id.</u> ¶¶ 142, 170-84.

23       Gilbert further adds that the Altria defendants made false and misleading

24   statements similar to those identified by Lorca in her complaint. <u>Compare</u> <u>Id.</u> ¶¶ 186-218

25   <u>with</u> <u>Lorca</u> Compl. ¶¶ 73-107. Lastly, Gilbert also alleges an ancillary claim for aiding and

26   abetting the above-referenced breaches of fiduciary duty against JUUL, Burns, and other

27   JUUL directors and officers. <u>Gilbert</u> Compl. ¶¶ 232-36. The court notes, however, that

28   these JUUL defendants do not include Valani and Pritzker. <u>Id.</u> ¶¶ 23-43 (listing

United States District Court
Northern District of California

10

defendants).

Based on the above-identified similarities between Gilbert and the instant action, the court finds it possible that, if transferred to the Eastern District of Virginia, Judge Novak would consolidate this action with Gilbert.

### 2.      The Relevant Jones Factors Cut in Favor of Transfer

The court also finds that the relevant Jones factors cut in favor of transfer.

### a.      Plaintiffs' Choice of Forum Is Entitled to Little Weight

Plaintiffs are correct that, in the ordinary course, their choice of forum is entitled to deference.  Dkt. 62 at 18-19.  However, as the Altria defendants point out, the instant action is not ordinary.  Dkt. 53-1 at 16.  Rather, it is a derivative action brought on behalf of Altria for purported harms that **the company** suffered as a result of the alleged breaches of fiduciary duties.

The Ninth Circuit has ruled that "[w]hen an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."  Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).  The Ninth Circuit has also explained that "[i]n judging the weight to be accorded [plaintiff's] choice of forum, consideration must be given to the extent of both [plaintiff's] and [defendants'] contacts with the forum, including those relating to [plaintiff's] cause of action. . . . If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration."  Id.

In their complaints, neither plaintiff alleges any contact with California.  Given that Sandys is an Ohio resident, Sandys Compl. ¶ 24, and Lorca is a Florida resident, Lorca Compl. ¶ 19, the court will infer that neither plaintiff, in fact, had any such contact.  While Sandys does allege at least some part of the JUUL investment negotiations occurred in San Francisco, such contact appears vague.  Sandys Compl. ¶ 32 ("At least one, likely several, negotiation sessions were conducted in San Francisco, California . . . Willard, at least on one instance, visited JUUL headquarters in San Francisco . . . in conduct underlying this litigation . . . Gifford . . . attended JUUL Board meetings in San Francisco .

11

1    . . Willard and Gifford both communicated with JUUL Defendant when JUUL Defendants

2    were located in California . . .").  In any event, when weighed against real party in interest

3    Altria's stated preference for litigating this action in its home state of Virginia, Dkt. 53-1 at

4    16, the court finds such contacts insufficient to warrant deference to plaintiffs' choice of

5    forum.[1]

6                    **b.       The Convenience-Related Factors Favor Transfer**

7          In his declaration, Bryant identifies over a dozen Altria personnel who both

8    participated in the company's decision to invest in JUUL and reside or work in Virginia.

9    Dkt. 51-1 ¶¶ 6-9.  That decision is at the core of plaintiffs' breach of fiduciary duty claims.

10   Thus, to the extent plaintiffs' complaint survives a motion to dismiss, such personnel's

11   depositions and potential trial testimony should be relevant to plaintiffs' claims.  Given the

12   relevant personnel's location, the court finds that the requested transfer would improve

13   access to the relevant proof and likely decrease litigation costs.[2]

14         Neither of plaintiffs' principal contentions alter that finding.  First, plaintiffs

15   insistently cite the JUUL actions pending in this district to support its argument that

16   California is the more convenient forum.  Dkt. 62 at 19-20.  However, when making that

17   argument, plaintiffs fail to explain how or why the discovery presently underway in either

18   action could be used in the instant derivative action to streamline proof issues and

19   mitigate costs.  In any event, even if plaintiffs had, the JUUL actions in this district are

20   before Judge Orrick, *not* the undersigned.  Despite five months on the undersigned's

21   docket, plaintiffs have not moved to relate either action to Judge Orrick's MDL.  Thus, to

22   the extent there could be any cost savings by keeping this action in this district, the court

23   cannot see how, in practice, they would be realized.

24   _____

25   [1] The court disagrees with plaintiffs' suggestion that Altria has no preference because it
     "has not[] enacted an exclusive forum clause directing that all derivative actions be
26   brought in Virginia."  Dkt. 62 at 19 n.14.  Plaintiffs fail to cite any Virginia authority to
     support the contention that a company must formally adopt such a bylaw to express a
27   cognizable interest in its preferred place of litigation.
     [2] The court agrees with plaintiffs that the location of documents is a nullity.  Defendants
28   (and their counsel) are more than technically capable of electronically processing
     documents for transfer to anywhere in the world.

1    Second, plaintiffs argue that the convenience factor cuts against transfer because

2    some of the JUUL defendants reside in California.  Dkt. 62 at 19.  That argument gets it

3    backwards.  The instant consolidated action principally alleges breach of fiduciary duty

4    claims against the **Altria defendants**.  Indeed, to maintain its aiding and abetting claim

5    against the JUUL defendants (to the extent that claim is even cognizable under Virginia

6    law), plaintiff must first show a predicate breach of a fiduciary duty by the Altria

7    defendants.  Thus, it appears that most factual development (if any) in this action will

8    focus on the Altria defendants, **not** their JUUL counterparts.  Given that, the court will

9    assign more convenience value to their preferred place of litigation.

10    In any event, by virtue of their joinder to the instant motion to transfer, neither

11    JUUL nor Burns can complain of any "inconvenience" from having to litigate this action

12    outside California.  Given that neither plaintiff is a California resident, the court finds the

13    same with respect to them.  In light of the above, the court concludes that the

14    convenience factors favor transfer to the Eastern District of Virginia.

15    **c.    The Eastern District of Virginia Is More Familiar with the**

16    **Applicable Corporate Law**

17    In their respective complaints, plaintiffs allege their breach of fiduciary duty claims

18    under Virginia law.  <u>Sandys</u> Compl. ¶¶ 36-38; <u>Lorca</u> Compl. ¶ 121 (citing demand letter

19    for the proposition that "since Altria is incorporated in Virginia, Virginia's laws regarding

20    shareholder litigation demands and derivative actions apply to the Board.").  Neither

21    plaintiff indicates in their complaint that their aiding and abetting claims rest on California

22    law.  Thus, Virginia law appears to control this consolidated action in its entirety.

23    While this court is more than capable of interpreting and applying Virginia law, the

24    Eastern District of Virginia plainly has more familiarity with its own state's substantive law.

25    Accordingly, the court finds that this remaining <u>Jones</u> factor cuts in favor of transfer.

26    **3.    Local Interest Cuts in Favor of Transfer**

27    Both California and Virginia have an interest in the substance of this litigation.  As

28    plaintiff cites throughout its opposition, Dkt. 62 at 14-15, Judge Orrick is presently

United States District Court
Northern District of California

handling a complex multidistrict litigation action brought by over a thousand plaintiffs alleging claims against JUUL, Altria, and others for unlawful business practices premised on JUUL's "past conduct that center on intentional youth marketing or negligent knowledge but encouragement of youth use of its products . . ." In re JUUL Labs, Inc., Mktg., Sales Practices, & Prod. Liab. Litig., -- F.Supp. 3d --, 2020 WL 6271173, at *7 (N.D. Cal. Oct. 23, 2020).  Judge Orrick also presides over a related consolidated antitrust action, In re Juul Labs, Inc. Antitrust Litigation, No. 20-cv-02345-WHO (N.D. Cal.).  That said, the primary focus of both litigations appears to be on JUUL, which, at the time of the MDL's filing, was a Delaware corporation with its principal place of business in San Francisco.

Altria, on the other hand, is a Virginia corporation with its principal place of business in Virginia.  Sandys Compl. ¶ 22.  Like California's interest in actions against companies headquartered in its state, Virginia has an interest in plaintiffs' action against Altria.  Moreover, the Altria defendants proffered evidence showing that the decisions underlying the breach of fiduciary duty claims at issue occurred at Altria's headquarters in Richmond.  Dkt. 51-1 ¶¶ 5-14.  Given the above, the court finds that this final factor cuts in favor of transfer.[3]

\*     \*     \*

For the above reasons, the court will transfer this consolidated action to the Eastern District of Virginia's Richmond Division.  Given that decision, the court need not decide the Altria defendants' alternative motion to stay.  Because the court will no longer maintain jurisdiction over this action, it will abstain from making any "lead counsel" determination.  Accordingly, the court denies both remaining motions without prejudice.

### CONCLUSION

For the above reasons, the court **GRANTS** plaintiffs' motion to consolidate Sandys and Lorca.  20-cv-5480, Dkt. 46; 20-cv-5480, Dkt. 56; 20-cv-6041, Dkt. 31.  The court

---

[3] The court finds that the relative docket congestion factor does not cut for or against transfer.  Both districts are busy.

1   also **DENIES** plaintiffs' request to appoint lead counsel.  Id.  Further, the court **GRANTS**

2   the Altria defendants' motion to transfer and **DENIES** their alternative request to stay the

3   instant litigation.  20-cv-5480, Dkt. 51; 20-cv-6041, Dkt. 32.  The court directs the clerk to

4   consolidate and then transfer this action to the United States District Court for the

5   Eastern District of Virginia's Richmond Division.

6          **IT IS SO ORDERED.**

7   Dated: March 22, 2021

8                                          /s/ Phyllis J. Hamilton

9                                          PHYLLIS J. HAMILTON
                                           United States District Judge

United States District Court
Northern District of California

15